UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BAYSTONE CONTRACTORS, LLC          CIVIL ACTION

VERSUS          NO. 14-2816

DARWIN NATIONAL ASSURANCE COMPANY          SECTION "C" (1)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and motion to remand filed by Baystone Contractors, L.L.C. ("Baystone") . Having reviewed the record, the stipulation of the plaintiff and the law, the Court has determined that remand is appropriate for the following reasons.

In its petition, Baystone seeks recovery of $54,786.01 in clean-up costs associated with an asphalt spill on the deck of a barge on November 23, 2013. Baystone alleges that its insurance with Darwin National Assurance Company ("Darwin") covers these costs. Baystone also states in its petition that "[t]he amount in controversy does not exceed the amount necessary to sustain federal court jurisdiction." Rec. Doc. 1-1 at 2. Suit was filed on October 29, 2014, and removed on the basis of diversity jurisdiction on December 12, 2014. The plaintiff signed a stipulation that it will not accept a sum in excess of the

jurisdictional minimum on January 8, 2015.  Rec. Doc. 8-2.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court with jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists.  <u>Id.</u>  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d

1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

Darwin has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden.  It argues that because Baystone seeks the recovery of penalties and attorneys' fees in its petition, the jurisdictional minimum is facially apparent and any post-removal stipulation to less than the jurisdictional minimum is not binding.  As previously stated, however, the petition specifically provides that the amount in controversy is less than the jurisdictional minimum.

It also argues that Baystone can not meet its burden that the claim is less than the jurisdictional minimum "to a legal certainty."  The Court disagrees.  Even if Baystone's stipulation were not binding, it provides strong evidence for Darwin on the issue of damages, and the Court suspects that Darwin will refer to the stipulation should that need arise.

Based on the record and the law, the Court can not find that the defendants have established subject matter jurisdiction.    In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A.

Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 23rd day of February, 2015.

*[signature]*
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE